# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

VICTIM RIGHTS LAW CENTER, TARA BLUNT, T.R., by and through his parent, Tara Blunt, KAREN JOSEFOSKY, A.J., by and through his parent, Karen Josefosky,

        Plaintiffs-appellees,

v.

UNITED STATES DEPARTMENT OF EDUCATION, LINDA McMAHON, in her official capacity as Secretary of Education, CRAIG TRAINOR, in his official capacity as Acting Assistant Secretary for Civil Rights,

        Defendants-appellants.

No. 25-1787

## ASSENTED-TO MOTION TO HOLD APPEAL IN ABEYANCE

The government respectfully moves, with plaintiffs' consent, to hold this appeal in abeyance in light of the parties' agreement upon a course of proceedings that will render this preliminary injunction appeal moot. In support of that request, the government further states as follows:

**1.** This appeal concerns a reduction in force at the Department of Education's Office for Civil Rights. On June 18, 2025, the district court granted plaintiffs' motion for a preliminary injunction. On September 29, 2025, a panel of this Court granted the government's motion to stay the preliminary injunction pending appeal. *See* Order, Sept. 29, 2025 (Stay Order). The Court agreed with the

government that a stay was required by *McMahon v. New York*, 145 S. Ct. 2643 (2025), which had stayed the same district court's injunction barring the reduction in force throughout the entire Department. The government's opening brief and appendix are currently due November 10, 2025.

**2.** After this Court entered its stay order, the parties conferred about how best to proceed. The parties have reached an agreement in principle pursuant to which (1) the merits will be expeditiously litigated in district court; and (2) plaintiffs will request that the district court enter an indicative ruling providing that it would vacate the preliminary injunction if this Court were to remand for that purpose. Should the district court vacate the preliminary injunction, this appeal will be rendered moot.[1]

For the foregoing reasons, the government respectfully requests that the Court hold this appeal in abeyance while the parties pursue vacatur of the preliminary injunction. The government will promptly notify this Court if the district court acts upon that request. Plaintiffs assent to the relief requested.

---

[1] This proposed approach is functionally identical to that pursued by the parties in *McMahon*, where after the Supreme Court stayed the preliminary injunction the parties agreed to vacatur of the preliminary injunction so that they could focus on merits litigation in district court.

## CONCLUSION

The Court should hold the appeal in abeyance while the parties seek vacatur of the preliminary injunction.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*
ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*
MELISSA N. PATTERSON

*/s/ Steven A. Myers*
STEVEN A. MYERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7232*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8648*
  *Steven.A.Myers@usdoj.gov*

November 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 341 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point Garamond typeface.

/s/ *Steven A. Myers*
STEVEN A. MYERS

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are represented by registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Steven A. Myers*
STEVEN A. MYERS