## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | |
|---|---|
| VICTIM RIGHTS LAW CENTER, TARA BLUNT, T.R., by and through his parent, Tara Blunt, KAREN JOSEFOSKY, A.J., by and through his parent, Karen Josefosky, <br><br> Plaintiffs-appellees, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, LINDA McMAHON, in her official capacity as Secretary of Education, CRAIG TRAINOR, in his official capacity as Acting Assistant Secretary for Civil Rights, <br><br> Defendants-appellants. | No. 25-1787 |

### JOINT MOTION FOR LIMITED REMAND PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 12.1(B)

The parties respectfully move, pursuant to Federal Rule of Appellate Procedure 12.1(b), for a limited remand so that the district court may dissolve the preliminary injunction in accordance with its indicative ruling of December 11, 2025. In further support of that request, the parties state as follows:

1. This appeal concerns a reduction in force at the Department of Education's Office for Civil Rights. On June 18, 2025, the district court granted plaintiffs' motion for a preliminary injunction. On September 29, 2025, however, a

panel of this Court granted the government's motion to stay the preliminary injunction pending appeal. *See* Order, Sept. 29, 2025.

2.  After this Court entered its stay, the parties conferred about how to proceed. The parties reached an agreement in principle pursuant to which (1) the merits would be expeditiously litigated in district court; and (2) plaintiffs would request that the district court enter an indicative ruling providing that it would vacate the preliminary injunction if this Court were to remand for that purpose.

3.  On December 10, 2025, plaintiffs filed their motion requesting an indicative ruling. *See* ECF No. 81. The motion indicated that in light of this Court's stay order, "the existing preliminary injunction no longer serves its intended purpose, and the parties agree it should be dissolved to permit the parties to focus on reaching an expeditious resolution of this case" in district court. *Id.* at 1. On December 11, 2025, the district court granted the motion, stating that it "would grant the Plaintiffs' motion to dissolve the preliminary injunction if the United States Court of Appeals for the First Circuit were to remand the case for this purpose." ECF No. 82 at 1.

4.  In light of the district court's grant of indicative relief, the parties respectfully request that this Court enter a limited remand, pursuant to Federal Rule of Appellate Procedure 12.1(b), and direct the district court to act promptly on the pending motion to dissolve preliminary injunction (ECF No. 81) in accordance with its indicative ruling. Following the district court's entry of such an order, the parties will stipulate to the dismissal of this appeal as moot.

## CONCLUSION

The Court should enter a limited remand, pursuant to Federal Rule of Appellate Procedure 12.1(b), and direct the district court to act promptly on the motion to dissolve preliminary injunction in accordance with its indicative ruling.

Respectfully submitted,

| | |
|---|---|
| */s/ Sean Ouellette* <br> Sean Ouellette <br> PUBLIC JUSTICE <br> 1620 L Street NW, Suite 630 <br> Washington, DC 20036 <br> Phone: (202) 797-8600 <br> souellette@publicjustice.net <br><br> L. Reid Skibell <br> Jonathan H. Friedman <br> GLENN AGRE BERGMAN & <br> FUENTES LLP <br> 1185 Avenue of the Americas, 22nd Floor <br> New York, New York 10036 <br> Tel: (212) 970-1600 <br> rskibell@glennagre.com <br> jfriedman@glennagre.com <br><br> *Counsel for plaintiffs* | BRETT A. SHUMATE <br>   *Assistant Attorney General* <br> ERIC D. MCARTHUR <br>   *Deputy Assistant Attorney General* <br> MELISSA N. PATTERSON <br><br> */s/ Steven A. Myers* <br> STEVEN A. MYERS <br>   *Attorneys, Appellate Staff* <br>   *Civil Division, Room 7232* <br>   *U.S. Department of Justice* <br>   *950 Pennsylvania Avenue NW* <br>   *Washington, DC 20530* <br>   *(202) 305-8648* <br>   *Steven.A.Myers@usdoj.gov* <br><br> *Counsel for defendants* |

December 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 394 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared using Microsoft Word in proportionally spaced 14-point Garamond typeface.

/s/ *Steven A. Myers*
STEVEN A. MYERS

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system. Participants in the case are represented by registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Steven A. Myers
STEVEN A. MYERS